UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ERIC B.[1],

        Plaintiff,

v.                                                                    23-CV-194 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____

## DECISION AND ORDER

Plaintiff Eric B. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision of the Commissioner of the Social Security Administration that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 5–1. The Commissioner responded and cross-moved for judgment on the pleadings. Dkt. 8–1. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("DIB"), filed on January 24, 2020, and his application for Supplemental Security Income ("SSI"), filed on August 8, 2018.[2] Tr. 146–50, 157–62.[3] Plaintiff's applications were initially denied, and he requested a hearing before an administrative law judge ("ALJ"). Tr. 112–21. Following the hearing, at which Plaintiff was represented by counsel, ALJ Mary Mattimore issued a decision finding that Plaintiff was not disabled. Tr. 13–25. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. Tr. 1–7; Dkt. 1.

## LEGAL STANDARDS

### I.    DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729

---

[2] Plaintiff applied for both DIB and SSI. To receive DIB, a claimant must show that he or she became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69–70 (2d Cir. 2022). SSI, on the other hand, "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted). The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

[3] The filing at Dkts. 3 and 4 are the transcripts of the proceedings before the Social Security Administration. All references to Dkts. 3 and 4 are hereby denoted "Tr. __."

F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.  DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). "Substantial

3

gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. §§ 404.1572, 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. §§ 404.1545, 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the

claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1560(c), 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. THE ALJ'S DECISION

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 3, 2019, his amended alleged onset date. Tr. 16. The ALJ also found that Plaintiff suffered from the following severe impairments: asthma, bipolar disorder, post-traumatic stress disorder, attention deficit hyperactive disorder, and generalized anxiety disorder. *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform a full range of work at all exertional levels with the following limitations:

> [Plaintiff should have] no concentrated exposure to fumes, odors, dust, gases, and other pulmonary irritants; no concentrated exposure to humidity, wetness, or temperature extremes; [Plaintiff] can perform a low stress job defined as simple routine work and make simple workplace decisions not at a production rate pace (assembly line pace); [Plaintiff] can tolerate minimal changes in workplace processes and settings and occasional interaction with supervisors, coworkers, and the public; [Plaintiff] cannot perform tandem or team work; [he] cannot perform customer service jobs.

Tr. 19.

The ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 23. But the ALJ concluded that Plaintiff was not disabled because his age, education, work experience, and RFC allowed him to perform jobs existing in significant numbers in the national economy. *Id.* As such, according to the ALJ, Plaintiff had not been under a disability from July 27, 2018, his initial alleged onset date, through August 31, 2021, the date of her decision. Tr. 24–25.[4]

## II.   PLAINTIFF'S ARGUMENT

Plaintiff makes two arguments for judgment in his favor. First, he argues that, despite finding persuasive the opinion of Janine Ippolito, Psy.D., the ALJ did not incorporate all of the moderate limitations she opined to. Dkt. 5–1, at 11–17. Second, Plaintiff argues that the ALJ improperly assessed the opinion of Nicole

---

[4] During the hearing, the ALJ amended Plaintiff's alleged onset date to March 3, 2019. Tr. 41.

6

Miller, PA-C ("PA Miller"). *Id.* at 17–24. For the reasons below, Plaintiff's arguments lack merit.

## III. ANALYSIS

### A. The ALJ's RFC limitations are consistent with Dr. Ippolito's moderate mental limitations.

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order); *accord Schillo*, 31 F.4th at 78. But the RFC need not correspond perfectly with "any of the opinions of medical sources cited in [the ALJ's] decision," *Matta*, 508 F. App'x at 56, or even be based on opinion evidence, *see Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (summary order). As long as the ALJ considers all the medical evidence and appropriately analyzes the medical opinions, an RFC consistent with the record is not erroneous. *See* 20 C.F.R. §§ 404.1545, 416.945; *see also Cichocki*, 729 F.3d at 177 (remand is not necessary "[w]here an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence").

On August 20, 2019, Dr. Ippolito completed a psychiatric evaluation of Plaintiff, and opined, among other things, that Plaintiff could "understand, remember, or apply simple directions and instructions[;] use reason and judgment to make work-related decisions[;] sustain an ordinary routine and regular

attendance at work[;] maintain personal hygiene and appropriate attire[;] and demonstrate awareness of normal hazards and take appropriate precautions." Tr. 295–97. Dr. Ippolito further opined that Plaintiff had "mild limitations" in his ability to "understand, remember, or apply complex directions and instructions[,] and sustain concentration and perform a task at a consistent pace." *Id.* at 297. Finally, Dr. Ippolito opined that Plaintiff had "moderate limitations" in interacting adequately with supervisors, coworkers, and the public; and in regulating emotions, controlling behavior, and maintaining well-being. *Id.*

The ALJ found Dr. Ippolito's opinion to be "somewhat persuasive," noting that her moderate limitations were "persuasive, but with regard to her statement that his symptoms were not significant enough to interfere with daily activities, the [ALJ] finds this statement to be not persuasive based on treatment notes provided by BryLin Hospital." Tr. 22–23.

Here, the ALJ adequately accounts for Dr. Ippolito's moderate mental limitations by limiting Plaintiff to simple, routine work; making simple workplace decisions not at a production rate pace; minimal changes in workplace processes and settings; occasional interaction with supervisors, coworkers, and the public; and no customer service jobs and tandem or teamwork. Tr. 19; *Bethany A. v. Comm'r of Soc. Sec.*, 2022 WL 170405, at *1, 5 (W.D.N.Y. Jan. 18, 2022) (RFC limiting plaintiff to simple, repetitive tasks with additional social limitations was sufficient to accommodate moderate limitations assessed by consultative examiner, including regulating emotions, controlling behavior, and maintaining well-being); *Michelle K.*

8

*v. Comm'r of Soc. Sec.*, 527 F. Supp. 3d 476, 483 (W.D.N.Y. 2021) (RFC limiting plaintiff to "simple, routine, and repetitive tasks, making simple work-related decisions, and occasionally interacting with supervisors, coworkers, and the public" was consistent with limitations in doctor's opinion that included moderate limitations in the ability to "regulate emotions, control behavior, and maintain well-being"); *Jacqueline L. v. Comm'r of. Soc. Sec.*, 515 F. Supp. 3d 2, 12 (W.D.N.Y. 2021) ("[T]he ALJ's limiting [p]laintiff to occasional interaction with supervisors, coworkers, and the general public, as well as low stress work . . . is supported by the opinion of Dr. Deneen, who found that [p]laintiff would be moderately limited in interacting with others and regulating her emotions, behavior, and well-being."); *Blocker v. Saul*, 2020 WL 1047737, at *6 (W.D.N.Y. Mar. 4, 2020) ("ALJ accounted for [p]laintiff's stress limitations by incorporating . . . limitations to simple routine tasks, occasional interaction with coworkers and the general public, and low stress work defined as work involving only occasional decision making . . . . [S]uch limitations have routinely been found to adequately account for a marked limitation in dealing with stress.") (internal quotation marks and citations omitted).[5]

---

[5] Plaintiff argues that the ALJ committed an error identical to the one requiring remand in *Jimmie E. v. Comm'r of Soc. Sec.*, No. 20-CV-406, 2021 WL 2493337, at *5 (W.D.N.Y. Jun. 18, 2021). *See* Dkt. 5–1, at 16. In *Jimmie E.*, remand was ordered because the ALJ "did not provide an explanation or discussion [as to] *how* the assessed limitations impacted plaintiff's ability to perform simple, unskilled work." 2021 WL 2493337, at *5. Moreover, the error was not deemed harmless because the ALJ found the opinion of Dr. Jonas to be persuasive, who opined that plaintiff "had moderate to marked limitations in using reason and judgment to make work-related decisions, moderate to marked limitation in sustaining concentration and performing a task at a consistent pace, and moderate limitation[s] in regulating emotion, controlling behavior and maintaining well-

### B. The ALJ properly assessed PA Miller's opinion.

Plaintiff additionally argues that the ALJ "failed to properly assess the supportability and consistency of" PA Miller's opinion, and "cherry-picked the record and improperly faulted PA Miller for basing her opinion on Plaintiff's reports as opposed to clinical findings." Dkt. 5–1, at 20.

Under 20 C.F.R. § 404.1520c, the ALJ must articulate how he or she considered certain factors in assessing medical opinions and prior administrative findings. See 20 C.F.R. § 404.1520c(a)-(c). The regulatory factors are: (1) supportability, (2) consistency, (3) relationship with the claimant (which has five sub-factors of its own to consider), (4) specialization, (5) other factors. *Id.* § 404.1520c(c). An ALJ must explain his or her approach with respect to the first two factors when considering a medical opinion, but need not expound on the remaining three. *Id.* § 404.1520c(b). The ALJ is tasked with analyzing medical opinions at the source-level, meaning that the ALJ need not discuss each and every

---

being," but "the ALJ did not include any of these limitations in the RFC." *Id.* Here, on the other hand, the ALJ did incorporate Dr. Ippolito's moderate limitations in interacting adequately with supervisors, coworkers, and the public; and regulating emotions, controlling behavior, and maintaining well-being, into Plaintiff's RFC. Dr. Ippolito's limitations are not in conflict with the ALJ's ultimate RFC determination that Plaintiff was limited to low stress jobs defined as simple, routine work; making simple workplace decisions not at a production rate pace; tolerating minimal changes in workplace processes and settings; and occasional interaction with supervisors, coworkers, and the public; no tandem or teamwork; and no customer service jobs. Tr. 19. *Cf. Charles F. v. Comm'r of Soc. Sec.*, No. 19-CV-01664, 2021 WL 963585, at *3 (W.D.N.Y. Mar. 15, 2021) ("[W]hen an omitted medical opinion contradicts the ALJ's RFC determination, the ALJ's failure to evaluate that medical opinion is not harmless error."). And here, the RFC is supported by substantial evidence in the record. *Jimmie E.* is inapposite.

medical opinion in the record, and may apply the factors holistically to a single medical source. *Id.* § 404.1520c(b)(1). These rules do not apply to the ALJ's analysis or consideration of nonmedical sources. *Id.* § 404.1520c(d).

With respect to the supportability factor, the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be. *Id.* § 404.1520c(c)(1). As to the consistency factor, the regulations provide that "[t]he more consistent a medical opinion or prior administrative medical finding is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion or prior administrative medical finding will be." *Id.* § 404.1520c(c)(2).

On February 17, 2021, PA Miller completed a mental impairment questionnaire, and opined that she saw Plaintiff every 4-8 weeks for medication management. Tr. 504–08. PA Miller noted that Plaintiff "has significant difficulties with interpersonal relations and dealing with authority figures" and "difficulties with focus and concentration not fully remedied with medications." *Id.* at 504. PA Miller determined that Plaintiff could have occasional interaction with coworkers, and less than occasional interaction with supervisors and the public. *Id.* at 505. PA Miller also noted that Plaintiff would be absent from work three days a month due to mental health issues; would be "more than a few minutes late to

11

work" one day a month due to mental health issues; and would be off-task in a workplace setting for nine minutes per hour. *Id.* PA Miller further opined that Plaintiff had mild limitations in understanding, remembering, or applying information, and in concentrating, persisting, or maintaining pace; as well as moderate limitations in interacting with others and adapting or managing himself. *Id.* at 506.

The ALJ properly assessed PA Miller's opinion as to the supportability and consistency factors. The ALJ found PA Miller's opinion to be "somewhat persuasive," but noted that her opinion "appears to be based on [Plaintiff's] report to her as opposed to clinical findings." Tr. 22.

As to the "supportability" factor, the ALJ opined that PA Miller's opinion is "not supported by the medical evidence of record; in particular there is no support for the off task and absence levels." Tr. 22. *See Spottswood v. Kijakazi*, 2024 WL 89635, at *2 (2d Cir. Jan. 9, 2024) (characterizing "supportability" as "how well supported an opinion is by medical evidence and the explanations given in the opinion").

As to the "consistency" factor, the ALJ opined that, "[t]he record demonstrates that [Plaintiff's] concentration is not impaired to the degree in the opinion, and that he lost jobs for reasons other than absences/impairments-[]he testified that at the Casino job there was insufficient work; at Canterbury Woods there was a restructuring; and at Geico he was laid-off by seniority." Tr. 22. *See*

12

*Spottswood,* 2024 WL 89635, at *1 (characterizing "consistency" as "how consistent an opinion is with other evidence in the record").

In support of his argument that the ALJ cherry-picked the record to discount PA Miller's opinion, Plaintiff points to several notes in the record indicating that he needed redirection to stay focused. Dkt. 5–1, at 21–22 (citing Tr. 313, 318, 320, 322, 328, 332, 369, 430, 464, 466). Plaintiff, however, cites to numerous records from other sources to support this assertion—not from PA Miller's opinion. *Strange v. Comm'r of Soc. Sec.,* 2014 WL 4637093, at *9 (N.D.N.Y. Sep. 16, 2014) ("[C]herry-picking evidence occurs when [ALJ's] credit information consistent with their findings while ignoring or discrediting inconsistent information *from the same sources* without providing plausible reasons."). Therefore, Plaintiff's contention that the ALJ cherry-picked the record in discounting PA Miller's opinion asks this Court to reweigh the evidence, which is beyond the scope of the deferential standard of review. *Krull v. Colvin,* 669 F. App'x 31, 32 (2d Cir. 2016) ("Krull's disagreement is with the ALJ's weighing of the evidence, but the deferential standard of review prevents us from reweighing it."). In other words, to the extent that Plaintiff objects to the ALJ's consideration of the medical opinion evidence, this Court may not "decide facts anew, reweigh the evidence, or substitute its own judgment for that of the [ALJ]." *Fanton v. Astrue,* 2011 WL 282383, at *2 (W.D.N.Y. Jan. 25, 2011) (quoting *Delgado v. Bowen,* 782 F.2d 79, 82 (7th Cir. 1986). Thus, Plaintiff's argument is without merit.

In general, a plaintiff's RFC is the most he or she can do despite their limitations. 20 C.F.R. § 416.945(a)(1). An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ. *Id.* § 416.945(a)(1) ("We will assess your [RFC] based on all the relevance evidence in your case record."); *see id.* § 416.946(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your [RFC]"). Plaintiff cannot merely disagree with the ALJ's weighing of the evidence or argue that evidence in the record could support his position. Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record. *See Brault v. Soc. Sec. Admin. Comm'r,* 683 F.3d 443, 448 (2d Cir. 2012). Ultimately, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ, and Plaintiff fails to do so here. *See Smith v. Berryhill,* 740 F. App'x 721, 726 (2d Cir. 2018).

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 8–1) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 5–1). The Clerk of the Court will close this case.

SO ORDERED.

Dated:   May 27, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE